IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | | |
|---|---|---|
| Kevin Schaap, | ) | C/A No. 0:16-2778-CMC-PJG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| Susan Stokley Clary; Susan Stokley Clary, *in her* | ) | **REPORT AND RECOMMENDATION** |
| *official capacity as clerk of the Supreme Court*; | ) | |
| Supreme Court of Kentucky; Commonwealth of | ) | |
| Kentucky, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

The plaintiff, Kevin Schaap, proceeding *pro se*, brings this civil rights action pursuant to 42 U.S.C. § 1983 against the defendants. (ECF No. 1.) This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.). Having reviewed the Complaint in accordance with applicable law, the court concludes that it should be summarily dismissed without prejudice and issuance and service of process.

**I.      Factual and Procedural Background**

Plaintiff indicates he currently has an appeal pending before the Supreme Court of Kentucky. (ECF No. 1-2 at 1.) The Complaint does not detail the subject matter of the pending case or the legal issue raised therein. However, Plaintiff alleges the defendants conspired to deprive him of due process because they have not ruled on the motions he has made in the appeal. (ECF No. 1 at 5-6.) In an attachment to the Complaint, Plaintiff provides a printout from the docket of the Supreme Court of Kentucky, which appears to show the appeal stems from a case Plaintiff filed in a lower

PJG

court against a state circuit judge, state agencies or boards, and the Commonwealth of Kentucky. (ECF No. 1-2 at 1.) The docket also shows Plaintiff has filed numerous motions in his appeal. (Id.)

**II.     Discussion**

    **A.     Standard of Review**

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Complaint. This court is required to liberally construe pro se complaints. Erickson v. Pardus, 551 U.S. 89, 94 (2007). Such *pro se* complaints are held to a less stringent standard than those drafted by attorneys, id.; Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. Hughes v. Rowe, 449 U.S. 5, 9 (1980); Cruz v. Beto, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true. Erickson, 551 U.S. at 93 (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-56 (2007)).

Nonetheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. See Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990); see also Ashcroft v. Iqbal, 556 U.S. 662, 684 (2009) (outlining pleading requirements under Rule 8 of the Federal Rules of Civil Procedure for "all civil actions"). The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so; however, a district court may not rewrite a complaint to include claims that were never presented, Barnett v. Hargett, 174 F.3d 1128 (10th Cir. 1999), construct the plaintiff's legal arguments for him, Small v. Endicott, 998 F.2d 411 (7th Cir. 1993),



or "conjure up questions never squarely presented" to the court, Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

Moreover, even when the filing fee is paid, the court possesses the inherent authority to ensure that a plaintiff has standing, that federal jurisdiction exists, and that a case is not frivolous. See Mallard v. U.S. Dist. Court, 490 U.S. 296, 307–08 (1989) ("Section 1915(d) . . . authorizes courts to dismiss a 'frivolous or malicious' action, but there is little doubt they would have power to do so even in the absence of this statutory provision.").

**B.    Analysis**

The Complaint is filed pursuant to 42 U.S.C. § 1983, which " 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.' " Albright v. Oliver, 510 U.S. 266, 271 (1994) (quoting Baker v. McCollan, 443 U.S. 137, 144 n.3 (1979)).  To state a claim under § 1983, a plaintiff must allege:  (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law.  West v. Atkins, 487 U.S. 42, 48 (1988).

However, the Eleventh Amendment bars suits by citizens against non-consenting states brought either in state or federal court. See Alden v. Maine, 527 U.S. 706, 712-13 (1999); Seminole Tribe of Fla. v. Florida, 517 U.S. 44, 54 (1996); Hans v. Louisiana, 134 U.S. 1 (1890).  Such immunity extends to arms of the state, including a state's agencies, instrumentalities and employees.  See Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 101-02 (1984); see also Regents of the Univ. of Cal. v. Doe, 519 U.S. 425, 429 (1997); Will v. Mich. Dep't of State Police, 491 U.S. 58, 71 (1989) (holding that neither a State nor its officials acting in their official capacities are "persons" under § 1983).  While sovereign immunity does not bar suit where a state has given

consent to be sued, or where Congress abrogates the sovereign immunity of a state, neither of those exceptions applies in the instant case.[1]  Accordingly, Plaintiff's § 1983 claim for damages against Defendants Commonwealth of Kentucky, Supreme Court of Kentucky, and Susan Stokley Clary in her official capacity as Clerk of the Supreme Court of Kentucky are barred by the Eleventh Amendment.

Moreover, to the extent Plaintiff seeks injunctive relief against Clary under Ex Parte Young,[2] federal courts may not mandate a state court take action.  Section 1983 expressly states that "in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable." 42 U.S.C. § 1983; Ward v. City of Norwalk, 640 F. App'x 462, 467 (6th Cir. 2016) ("Section 1983 forbids injunctive relief 'unless a declaratory decree was violated or declaratory relief was unavailable.'. . . Plaintiffs cannot seek an injunction against a judicial officer without first seeking a declaratory judgment, and the district court properly dismissed the injunction claim.").  Also, the principles of comity suggests federal courts should refrain from interfering in ongoing state proceedings.  See Mitchum v. Foster, 407 U.S. 225, 243 (1972); see also Lynch v. Snepp, 472 F.2d 769, 770 (4th Cir. 1973).  "[W]hen the section 1983 action seeks to impose federal supervision on state court proceedings, the federal courts must defer to the state's sovereignty over

---

[1] Congress has not abrogated the states' sovereign immunity under § 1983, see Quern v. Jordan, 440 U. S. 332, 343 (1979), and Kentucky has not consented to suit in federal district court. See Adams v. Morris, 90 F. App'x 856, 857 (6th Cir. 2004) (citing Whittington v. Milby, 928 F.2d 188, 193-94 (6th Cir. 1991)).

[2] Ex Parte Young, 209 U.S. 123 (1908), provides for an exception to Eleventh Amendment immunity, allowing citizens to seek to enjoin state officials in their official capacities from taking action that would violate the Constitution or a federal statute.



the management of its courts, at least so long as the state does not substantively limit or procedurally obstruct something that Congress intended to provide by enacting section 1983." SKS & Assocs., Inc. v. Dart, 619 F.3d 674, 682 (7th Cir. 2010) (citing Felder v. Casey, 487 U.S. 131 (1988)).

Finally, to the extent Plaintiff seeks to name Susan Stokely Clary as a defendant in her individual capacity, Plaintiff's § 1983 claim should be dismissed as frivolous. See Ross v. Baron, No. 12-1272, 2012 WL 3590914, at *1 (4th Cir. Aug. 22, 2012) ("[F]rivolous complaints are subject to summary dismissal pursuant to the inherent authority of the court, even when the filing fee has been paid.") (citing Mallard, 490 U.S. at 307-08). Plaintiff alleges that by not ruling on the motions he has filed in his appeal, the defendants deprived him of due process. However, Plaintiff does not allege facts explaining how the Clary's inaction deprived him of due process, and the court does not find any reason apparent in the Complaint. While the United States Court of Appeals for the Fourth Circuit has recognized that access to courts is a right protected by the Constitution, see McCray v. State of Md., 456 F.2d 1, 6 (4th Cir. 1972), Plaintiff's allegations would plainly refute any claim that he has been denied access to the courts. Accordingly, Plaintiff's Complaint is frivolous on its face.

### III.    Conclusion

Accordingly, the court recommends that the Complaint be summarily dismissed without prejudice and without issuance and service of process.

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

September 30, 2016
Columbia, South Carolina

*Plaintiff's attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).